IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY SMITH,

    Plaintiff,                      No. CIV S-07-1008 DFL DAD P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Defendants.                ORDER

/

        Plaintiff is a state prisoner proceeding pro se. On May 29, 2007, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. However, in the statement of claim set out in his complaint, plaintiff contends that he was erroneously convicted of an assault and that his judgment of conviction was affirmed on appeal on March 19, 2007. Plaintiff requests the following relief: "Review the facts and file a writ of haveus [sic] corpus. I want justice. 18 yrs for a crime that carried 3-4- [illegible]." (Compl. at 5.)

        When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). The proper mechanism for raising a federal challenge to conditions of

confinement is through a civil rights action pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Here, it appears that plaintiff seeks to challenge his state court conviction. Therefore, the court will provide plaintiff with the form petition for a writ of habeas corpus and order plaintiff to file it with this court. Plaintiff is advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a petition for a writ of habeas corpus that complies with the requirements of the Federal Rules of Civil Procedure; plaintiff must use the form provided by the court and must answer each question on the form without reference to an attachment; the petition must bear the docket number assigned this case; plaintiff's failure to file his petition in accordance with this order will result in the dismissal of this action; and

3. The Clerk of the Court is directed to provide plaintiff with the court's form petition for a writ of habeas corpus by a state prisoner.

DATED: June 15, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smit1008.amd