IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY DOLPH SMITH,

    Petitioner,                     No. CIV S-07-1008 RRB DAD P

   vs.

CALIFORNIA,

    Respondent.                 ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Petitioner has named California as respondent in this action. This is not the proper respondent in this habeas action.

/////

Petitioner must name the warden of the facility where he is incarcerated.  Accordingly, the instant petition must be dismissed with leave to amend.  See Stanley, 21 F.3d at 360.

It appears that petitioner is claiming ineffective assistance of counsel.  The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims.  See Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  Id.  Second, a petitioner must affirmatively prove prejudice.  Id. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.  In his amended petition, petitioner must not only identify the instances when his counsel was ineffective, petitioner must also explain how he was prejudiced.  Also, petitioner indicates that he has a prosecutorial misconduct and double jeopardy claim; however, petitioner has not provided any allegations concerning those claims.

Petitioner must also answer each question posed in the form petition.  The court notes that in response to question ten, petitioner indicates that he filed a petition, application or motion; however, petitioner does not provide the name of the court, nature of the proceeding and the grounds raised in that petition.  Petitioner also did not provide this court with complete information regarding his petition for review filed with the California Supreme Court.  Petitioner must identify the grounds that were raised before the California Supreme Court so that the court can determine if he has exhausted state court remedies in connection with the claims raised in his pending habeas action.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's June 28, 2007 request to proceed in forma pauperis is granted;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form. It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application.

DATED: December 21, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smit1008.122