IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARRY D. SMITH,

    Petitioner,

vs.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Respondents.

No. CIV S-07-1008 RRB DAD P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas action pursuant to 28 U.S.C. § 2254. On February 8, 2008, the court filed findings and recommendations recommending that this action be dismissed due to petitioner's failure to file an amended habeas petition as ordered by the court on December 26, 2007. On February 13, 2008, petitioner filed his amended petition. Therefore, the February 8 findings and recommendations will be vacated.

    However, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it

/////

/////

must be waived explicitly by the respondent's counsel.  See 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion may not be implied or inferred.

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon reviewing the amended petition for habeas corpus filed by petitioner, the court finds that petitioner has failed to exhaust state court remedies.  The claims set forth in the amended petition have not been presented to the California Supreme Court.  In this regard, in his amended petition petitioner alleges that he unsuccessfully appealed his judgment of conviction to the California Court of Appeal for the Third Appellate District.  However, in the section of the form petition inquiring whether further appellate review was sought, petitioner has not responded.  Moreover, petitioner specifically indicates in his form petition that he has not filed any state habeas actions challenging the conviction at issue.  Accordingly, on the face of his amended petition, petitioner has conceded his failure to exhaust his claims.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the amended petition should be dismissed without prejudice.[2]

/////

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  See 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  See 28 U.S.C. § 2244(d).

Good cause appearing, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed on February 8, 2008, are vacated; and

2. The Clerk of the Court is directed to serve a copy of the new findings and recommendations together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's amended petition for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smi1008.103