1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  GARY D. SMITH,

11              Petitioner,          No. CIV S-07-1008 JAM DAD P

12       vs.

13  JOHN MARSHALL, et al.[1],          ORDER AND

14              Respondents.          FINDINGS AND RECOMMENDATIONS

15  _____/

16              Petitioner is a state prisoner proceeding pro se with an amended petition for a writ

17  of habeas corpus pursuant to 28 U.S.C. § 2254.  In his amended petition petitioner challenges a

18  judgment of conviction entered against him in the Sacramento County Superior Court for battery

19  on a former cohabitant and felony battery.  Before the court is respondents' motion to dismiss

20  this action on the grounds that petitioner has failed to exhaust his federal claims by presenting

21  them to the highest state court.

22  /////

23  /////

24  _____

25       [1]  The Clerk of the Court will be directed to remove the State of California as a
    respondent in this action.  In the amended petition filed on February 13, 2008, petitioner named
26  as respondents Warden John Marshall and the Attorney General of the State of California.

1

I.  Petitioner's State Court Proceedings

On September 23, 2005, petitioner was sentenced to a term of eighteen years for corporal injury to a cohabitant, battery with serious bodily injury, and assault with a deadly weapon.  (Lod. Doc. 1, lodged May 5, 2008.)

Petitioner filed an appeal from his judgment of conviction with the California Court of Appeal for the Third Appellate District.  (Lod. Doc. 2.)  On January 16, 2007, that court affirmed the judgment.  (Id.)  In doing so the California Court of Appeal addressed the following issues raised by petitioner on appeal:  (1) whether the trial court erred in excluding the victim's prior convictions for prostitution as being too remote[2], (2) whether the trial court erred in allowing the victim to testify about a prior battery that petitioner had carried out against her, and (3) whether petitioner received ineffective assistance of counsel during sentencing proceedings as a result of his counsel's failure to object to the court's imposition of a restitution fine.  (Id. at 4-5, 7, 10.)

On February 14, 2007, petitioner filed a petition for review with the California Supreme Court.  (Lod. Doc. 3.)  The only issue raised in the petition for review was whether the proper standard of review had been applied by the California Court of Appeal in considering petitioner's argument regarding the exclusion of the victim's prior prostitution convictions.  (Id. at 6.)  On March 21, 2007, the California Supreme Court summarily denied the petition for review.  (Lod. Doc. 4.)

It is undisputed that petitioner did not file any state habeas actions collaterally challenging his conviction.

/////

---

[2]  As to the trial court's exclusion of evidence regarding the victim's past prostitution convictions, the California Court of Appeal concluded that "evidence of petitioner's guilt was overwhelming.  Defendant did not testify or present any witnesses challenging the prosecution's version of the case.  Even if error, the trial court's evidentiary ruling was surely harmless."  (Lod. Doc. 2 at 6.)

II.  Exhaustion Requirement

State court's must have the first opportunity to decide a state prisoner's habeas corpus claims.  Rhines v. Weber, 544 U.S. 269, 273 (2005).  Thus, the exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[3]  A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before they are presented to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

III.  Discussion

In his amended federal habeas petition, petitioner advances the following two claims: (1) his trial counsel was ineffective for failing to meet more often with petitioner, not obtaining a plea bargain, failing to talk to petitioner about a defense strategy, failing to call a Yolo County Police Officer as a witness concerning the prior battery involving the same victim, failing to introduce a picture of the crime scene to show that potholes were present, failing to challenge the prosecution witness's testimony that petitioner ran away from the scene since petitioner contended he was at the crime scene providing the address to the 911 operator, and (2) his appellate counsel was ineffective "for not using the facts which could prove favorable to me and my defense."  (Am. Petition at 2b.)

Rather than filing an opposition to the pending motion to dismiss, petitioner has filed a motion requesting a stay and abeyance.  Therein he asserts that his amended habeas petition should not be dismissed, arguing as follows:  (1) he was unaware that his appellate counsel did not raise the claims presented in his amended habeas petition, (2) the claims

---

[3]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1   presented by appellate counsel "are substantial to grant a reversal and new trial," (3) respondent

2   has "confirmed" that state remedies are exhausted by stating that the California Supreme Court

3   denied review on March 21, 2007, (4) that the court should  "give him directions in correcting his

4   errors and omissions" because he is "not versed in law," did not complete high school, is

5   mentally disabled, is a patient of the Correctional Clinical Case Management System, and is

6   attempting to follow the court's procedures, and (5) the court should grant him leave to amend

7   his petition "to correct the differences between his state and federal petition for writ of habeas

8   corpus." (Mot. for Stay & Abey. at 1-2.)

9          As noted above, in his petition for review filed with the California Supreme

10  Court, the only issue petitioner presented was whether the proper standard of review had been

11  applied in considering the trial court's ruling on the defense's attempt to impeach the victim with

12  her prior convictions.  Thus, it is clear that neither of the claims set forth in the amended federal

13  habeas petition have ever been presented to the California Supreme Court.  Therefore, the motion

14  to dismiss should be granted.

15         Moreover, petitioner's motion for a stay and abeyance must be denied since his

16  petition pending before this court presents only unexhausted claims.  See Jiminez v. Rice, 276

17  F.3d 476, 4841 (9th Cir. 2001) (holding that district courts must dismiss habeas petitions which

18  contain only unexhausted claims); Brown v. Dexter, No. CV 08-01119-SGL (VBK), 2008 WL

19  4384181, at *4 (C.D. Cal. Aug. 21, 2008) ("When the petition at issue is not mixed, but fully

20  unexhausted, the stay and abeyance procedure discussed in Rhines does not apply."); Pitman v.

21  Runnels, No. CV 07-03864-DSF (VBK), 2007 WL 4940289, at *5 (C.D. Cal. Dec. 20, 2007)

22  (same); Gallon v. Galaza, No. Civ. S-05-1368 DFL DAD P, 2006 WL 997731, at *4 (E.D. Cal.

23   /////

24   /////

25   /////

26   /////

4

1   April 17, 2006) (same).   Therefore, the fully unexhausted amended petition pending before this

2   court must be dismissed.[4]   Jiminez, 276 F.3d at 481.

3           Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

4   remove the State of California as a respondent in this action.

5           Also, IT IS HEREBY RECOMMENDED that:

6           1.  Respondents' May 5, 2008 motion to dismiss the amended petition for writ of

7   habeas corpus (Doc. No. 17) be granted;

8           2.  Petitioner's May 27, 2008 motion for a stay and abeyance (Doc. No. 20) be

9   denied; and

10          3.  This action be dismissed without prejudice for failure to exhaust his claims in

11  state court.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within ten days after service of the objections.  The parties are advised

18  /////

19  /////

20  /////

21  /////

22  /////

23

24          [4]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
    limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
25  year period will start to run on the date on which the state court judgment became final by the
    conclusion of direct review or the expiration of time for seeking direct review, although the
    statute of limitations is tolled while a properly filed application for state post-conviction or other
26  collateral review is pending.  See 28 U.S.C. § 2244(d).

1 │ that failure to file objections within the specified time may waive the right to appeal the District

2 │ Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3 │ DATED: January 21, 2009.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
smit1008.mtdSty